## CONNER et al. v. ANGELINA COUNTY LUMBER CO.

### No. 3588.

Court of Civil Appeals of Texas. Beaumont.

Dec. 6, 1940.

Rehearing Denied Jan. 22, 1941.

C. S. Williams, Collins, Pate, Hatchell & Garrison, and J. J. Collins, all of Lufkin, and C. E. Smith, of Woodville, for appellants.

J. E. Wheat, of Woodville, and K. W. Denman, of Lufkin, for appellee.

COMBS, Justice.

Appellants, who were plaintiffs in the court below, are the widow and minor children of Willie Conner, who was killed on November 9, 1937, in a collision between his automobile and a truck driven by one J. B. Rushing. They brought this suit for damages against appellee, Angelina County Lumber Company as defendant, on the theory that Rushing, driver of the truck, was the employee of said company, and engaged in its business at the time of the accident. By pleading and proof appellee contended that Rushing was not its employee, but was the employee of one C. C. Burkett, an independent contractor. At the conclusion of the evidence, the trial court granted defendant's motion for an instructed verdict in its favor and entered judgment denying plaintiffs any recovery, and this appeal is from that judgment.

It is not questioned that the evidence raised issues of negligence against Rushing, driver of the truck, proximately causing the death of Conner. The controlling question to be decided here is whether or not the competent evidence as a whole also raised an issue for the jury that Rushing was an employee of the defendant Company. While the record does not reflect affirmatively the ground upon which the court instructed the verdict, it is evident that the court was of the opinion that the evidence did not raise the issue that Rushing was the employee of the defendant.

The evidence shows that the truck in question was one of several owned by C. C. Burkett, a log-hauling contractor. Burkett had been hauling logs for the defendant for some time under a verbal contract. It appears without dispute that under that contract Burkett was to haul the logs from the woods to the railroad for shipment to defendant's mill, for which he was to receive a stipulated price per thousand feet. For some time prior to the accident, his trucks, including the one driven by Rushing, had been hauling logs at Emilee in Tyler County. On the morning of the day of the accident, defendant's foreman requested Burkett to move his logging equipment from Emilee to Acol camp, some twenty miles north, and haul some logs located in the woods about one and one-half miles from that place. Burkett went out to the woods, looked at the logs, and agreed to take the contract. He then instructed his truck drivers to move their equipment to the Acol camp location, and Rushing was on his way from Emilee to Acol, driving Burkett's truck, when the accident occurred. There seems to be no dispute of the evidence offered by the defendant that Burkett, under his contract with defendant, was under contract to haul the logs from the woods and deliver them on the railroad siding at Acol for a stipulated price per thousand feet, using his own equipment and methods, subject to the control of the defendant only as to the end to be accomplished. As against that showing the plaintiffs offered evidence, also without dispute, of facts and circumstances which they contend raised the issue that Rushing was in fact the employee of the defendant. Briefly summarized, these facts were: (1) The defendant, Angelina County Lumber Company, paid the truck driver Rushing his wages direct. It paid to him his wages for driving the truck on the day the accident occurred. (2) The defendant deducted the social security payment from Rushing's wages. (3) It carried compensation insurance covering Rushing and the other employees of Burkett employed on the hauling job. The injury sustained by Rushing in the accident in question was reported to the defendant which reported it to the insurance company, and the company paid to Rushing compensation for his disability. (4) The defendant carried Rushing on its books as an employee and so reported him to the insurance company. In rebuttal of the implications of these facts and as an explanation of them, the defendant proved that under its contract with Burkett it agreed to pay his employees, to take care of their social security payments making deductions therefor from their wages, and to carry compensation insurance covering them. Deductions for moneys expended by the defendant under this arrangement were made from the amount earned by Burkett under his contract when making settlement with him. It was further shown that the defendant carried Burkett's employees on its payroll and certified them to the insurance company as its employees in order to cover them with compensation insurance under its contract with the insurance company. By testimony of an agent of the insurance company, and by the introduction of letters exchanged between the insurance company and the defendant at the time the coverage was arranged for, it was shown that Rushing, as well as other employees of Burkett, was carried as an employee of the defendant by agreement between the insurance company and the defendant for the reason that the insurance company was of the opinion that the State Insurance Commission would not approve the contract if it were made to appear that the policy issued to the defendant was intended to cover Burkett's employees.

## Opinion.

As we have indicated above, the controlling question here is: Did the plaintiff under all the evidence, pertinent parts of which are summarized above, raise an issue of fact to go to the jury that Rushing the truck driver was the employee of the defendant, Angelina County Lumber Company?

The question of whether in a given situation the relation of one person to another is that of master and servant, or whether it is one of independent contractorship, generally depends upon various circumstances. An interesting discussion

of this matter is contained in Restatement of the Law of Agency, § 220, p. 483. The facts are hardly the same in any two cases. And the many reported decisions on the subject stress a variety of factors bearing upon the character of the relationship. But this variety of factors discussed in the decisions relates to the evidence or circumstances tending to establish the relationship. The fundamental principle of law by which the evidence is to be tested in a given case in determining whether or not the relationship of master and servant exists, is, we think, well established by the decisions of the courts of this state. One of the leading cases on the subject is Shannon v. Western Indemnity Company, Tex. Com.App., 257 S.W. 522, 523. In that case Judge German, speaking for the Commission of Appeals, quoted from Street on Personal Injuries, as follows: "No better test can be applied than to say that the relation of master and servant exists where the master retains or exercises the power of control in directing, not merely the end sought to be accomplished by the employment of another, but as well the means and details of its accomplishment; 'not only what shall be done, but how it shall be done.'"

See, also, Smith Bros. v. O'Bryan, 127 Tex. 439, 94.S.W.2d 145, at page 148, opinion adopted by the Supreme Court. In that case Judge German stated: "In our opinion, the simplest and perhaps the most accurate definition, abstractly speaking, of an independent contractor, is that suggested by the annotator in 'General discussion of the nature of the relationship of employer and independent contractor' in 19 A.L.R. pp. 226 to 275, and is as follows: 'An independent contractor is a person employed to perform work on the terms that he is to be free from the control of the employer as respects the manner in which the details of the work are to be executed.'"

■ It will be seen that the fundamental test to be applied is the right of control as to the details of the work to be performed. We think it cannot be questioned that under the contract proved in the present case, the defendant, Angelina County Lumber Company, had no right of control over Rushing in the performance of the details of the work covered by its contract with Burkett. Therefore, control of Rushing and other employees engaged on the job rested with Burkett, unless the circumstances referred to above, that the defendant carried Rushing on its records as an employee, carried compensation insurance for him, etc., raised an issue that the defendant had the right to exercise control over Rushing in the performance of his work as a truck driver.

We think these circumstances, had they stood alone and unexplained, would have raised an issue and supported a finding that Rushing was the employee of the defendant. Certainly the plaintiffs were not required to go any further in order to establish their case, prima facie. But these circumstances did not stand alone and unexplained. It is apparent we think, from the summary given above, that the defendant offered evidence which fully explained these circumstances in a manner showing that they were not inconsistent with the contract which it had proved and under which Rushing was the employee of Burkett. The defendant's evidence on these points is clear. It is not contradictory of the evidence offered by the plaintiffs in support of their case, but is consistent with it. It merely tends to add to and fully explain the circumstances proved by the plaintiffs, and thus to present the whole picture. Upon the evidence as a whole, as we construe it, the defendant had no right of control over Burkett or his employees as to the methods and details of the work which he was to do in the performance of his logging contract for the defendant.

■ The trial court did not err in admitting the letters and copies of letters exchanged between the defendant and the insurance company with reference to the covering of Burkett's employees by defendant's policy of compensation insurance. These letters were res gestae of the contract between the defendant and the insurance company, and were properly admitted in response to and in explanation of the proof made by the plaintiffs to the effect that Rushing was carried on the books of the defendant company as an employee and also covered by the defendant's policy of compensation insurance.

■ In conclusion we will refer to a question which has given us considerable concern, which is: Should the defendant be held, as a matter of public policy, to be estopped from denying that Rushing was its employee, by reason of the fact that it acted in collusion with the insurance company to evade a regulation of the Insurance Commission in carrying Rushing upon its

records as its employee and certifying him as such for the purpose of insurance? Certainly such collusive conduct to evade a State regulation should receive no sanction from the courts. But we have reached the conclusion that no principle of estoppel is involved here. No matter of the insurance contract nor any rights growing out of it are involved in this suit. This suit is merely a tort action, and the contract between the defendant and the insurance company could in nowise affect the rights of plaintiffs in this case. They have no privity of interest in that contract. Here, it was necessary for the plaintiffs. to discharge their burden of establishing that Rushing was in fact an employee of the defendant.

It follows from what we have said that the judgment of the trial court should be affirmed and it is so ordered.

Affirmed.